FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 31 2000

at ___ o'clock and ___ min ___
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 00-00188 SOM-BMK |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING TRACY GARCIA SANCHEZ'S MOTION TO DISMISS COUNTS 1, 17, 33, 37, 38, AND 39 OF THE FIRST SUPERSEDING INDICTMENT |
| TRACY GARCIA SANCHEZ, (02) | ) | |
| Defendant. | ) | |

ORDER DENYING TRACY GARCIA SANCHEZ'S MOTION TO DISMISS COUNTS 1, 17, 33, 37, 38, AND 39 OF THE FIRST SUPERSEDING INDICTMENT

I.  INTRODUCTION.

On May 25, 2000, a First Superseding Indictment was filed in this case. In Counts 1, 17, 33, 37, 38, and 39 of that indictment, Defendant Tracy Garcia Sanchez ("Sanchez") is charged with distributing, possessing with intent to distribute, and conspiring to distribute various drugs, including cocaine, heroin, crystal methamphetamine, and marijuana, as well as using a telephone to accomplish those acts, in violation of 21 U.S.C. §§ 841, 843, and 846.

Pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, on June 26, 2000, Sanchez filed the present motion to dismiss the Counts of the Indictment pertaining to her. She says that the "Government's evidence in this case is insufficient to support the allegations contained in the Indictment." Declaration of Myles S. Breiner (June 23, 2000)

¶ 5. Sanchez also argues that the grand jury lacked sufficient evidence to find the necessary probable cause to indict her. <u>See</u> Memorandum of Law at 1 ("[t]he evidence presented to the grand jury by the Government was legally insufficient to establish probable cause to issue the indictment against Ms. Sanchez"). Because an alleged insufficiency of the evidence is not a proper basis for dismissal under Rule 12, and because this court cannot go behind a grand jury's indictment to redetermine probable cause, the motion is denied.

II.   <u>MOTION TO DISMISS STANDARD.</u>

Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any defense "which is capable of determination without the trial of the general issue." A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact. <u>United States v. Nukida</u>, 8 F.3d 665, 669, <u>appeal after remand</u>, 87 F.3d 1324 (9th Cir. 1993).

To withstand a motion to dismiss, an indictment must allege that the defendant performed acts that, if proven, would constitute a violation of the law under which he or she has been charged. <u>United States v. Finn</u>, 919 F. Supp. 1305, 1339 (D. Minn 1995), <u>aff'd</u>, <u>U.S. v. Pemberton</u>, 121 F.3d 1157 (1997), <u>cert. denied</u>, 522 U.S. 1113 (1998). As a result, if the acts that have

been alleged in the indictment do not constitute a criminal offense, then the indictment should be dismissed. See, e.g., United States v. Coia, 719 F.2d 1120, 1123 (11th Cir. 1983), cert. denied, 466 U.S. 973 (1984).

Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not invade the province of the ultimate finder of fact. Nukida, 8 F.3d at 669. A Rule 12(b) motion to dismiss is not the proper way to raise a factual defense. Instead, Rule 12(b) motions may raise matters such as former jeopardy, former conviction, former aquittal, statute of limitations, immunity, and lack of jurisdiction. Id.

III.    ANALYSIS.

To the extent Sanchez is challenging the government's evidence as insufficient to prove that she violated 21 U.S.C. §§ 841, 843, and 846, her motion is not a proper Rule 12(b) motion. Whether the evidence is sufficient to prove that Sanchez violated any of those sections is a question for the jury, not this court.[1] See Nukida, 8 F.3d at 669. Accord United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996) (stating that a defendant may not properly challenge an indictment, sufficient on

---

[1] Sanchez is not arguing that the acts alleged in the First Superseding Indictment are insufficient to allege violations of sections 841, 843, and 846.

3

its face, on the ground that the allegations are not supported by adequate evidence and that a motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence); United States v. Mann, 517 F.2d 259, 266-67 (5th Cir. 1975) ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits"), cert. denied, 423 U.S. 1087 (1976).

       To the extent Sanchez is arguing that the grand jury lacked evidence to find probable cause to indict her, her motion also fails. See United States v. Kysar, 459 F.2d 422, 424 (10th Cir. 1972) ("The return of an indictment by a grand jury is a conclusive determination of the issue of probable cause. If the indictment is fair upon its face and properly found and returned, the trial court cannot look behind the indictment to determine if it is based on inadequate or incompetent evidence") (footnote omitted). Accord Costello v. United States, 350 U.S. 359, 366 (1956) ("If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a

4

defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more") (footnote omitted).

IV.     CONCLUSION.

Because a Rule 12(b) motion cannot attack the sufficiency of the evidence supporting an indictment or a grand jury's finding of probable cause, the motion to dismiss is denied. This ruling does not affect any motion Sanchez may choose to bring under Rule 29 of the Rules of Criminal Procedure.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 31, 2000.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

United States of America v. Tracy Garcia Sanchez (02); Crim. No. 00-00188 SOM-BMK; ORDER DENYING TRACY GARCIA SANCHEZ'S MOTION TO DISMISS COUNTS 1, 17, 33, 37, 38, AND 39 OF THE FIRST SUPERSEDING INDICTMENT.